**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jean Barngraff, | No. CV-09-2450-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Banner Health Long-Term Disability Plan, Banner Plan Administration, | |
| Defendants. | |

Pending before the Court are Motions for Summary Judgment filed by Plaintiff Jean Barngraff (Doc. 18) and Defendants Banner Health Long-Term Disability Plan and Banner Plan Administration ("BPA") on the issue of the standard of review. (Doc. 22). For the reasons set forth below, the Court grants Plaintiff's motion and denies Defendants' motion.

## BACKGROUND

Plaintiff, a Banner Health employee, applied for short-term disability benefits on October 8, 2008, and received the maximum amount of those benefits. (Doc. 1 ¶ 11; Doc. 10 ¶ 15, Doc. 23, Ex. A ¶ 4). Plaintiff subsequently filed for long-term disability ("LTD") benefits, but on March 30, 2009, BPA denied her claim after concluding that she had not sufficiently demonstrated that she was unable to perform "any occupation." (Doc. 1 ¶ 18, Doc. 23, Ex. A ¶ 6). Plaintiff timely appealed, and BPA issued a final denial of her claim on May 29, 2009. (Doc. 19, Ex. 5). Plaintiff brought this action challenging the BPA's

denial of benefits under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1132(a).

**DISCUSSION**

**1.    Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "[I]f the nonmoving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). Moreover, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party*.'" *Id.*  (quoting *Anderson v.  Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

**2.    Analysis**

The standard of review applied in challenges to a denial of benefits under an ERISA plan depends on whether the plan confers discretion on the plan administrator or fiduciary to determine eligibility for benefits or to interpret the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc).  If the plan "unambiguously provide[s] discretion to the administrator," the denial of benefits is reviewed for abuse of discretion. *Abatie*, 458 F.3d at 963. Otherwise, de novo review is the default standard. *Id.*; *see also Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999).

Although there are no "magic words" that a plan must include to confer discretion, it must nevertheless clearly indicate that the decision-maker  has discretion to grant or deny benefits, *see Feibusch v. Integrated Device Tech., Inc.  Employee Benefit Plan*, 463 F.3d 880, 884 (9th Cir. 2006), or to interpret the plan's terms, *see Abatie*, 458 F.3d at 964 (noting that

an ERISA plan that "do[es] not grant any power [to the decision-maker] to construe the terms of the plan" may not be interpreted as conferring discretionary authority).

Plaintiff asserts (1) that the Banner Health Master Health and Welfare Benefits Plan (the "Plan") contains no valid grant of discretionary authority, and (2) even if it does, BPA, the decision-maker in this case, is not the Plan Administrator under the Plan's terms and was never delegated that authority. (Doc. 18 at 5, 10). The Plan, which provides general information on various health and welfare benefits offered by Banner Health, is the "official, legal plan document." The Plan directs employees to the documents that correspond to the applicable benefit, which are incorporated into the Plan by reference in Appendix A. The Summary Plan Description and Benefit Summary for Long-Term Disability nevertheless make clear that "[i]f any conflict arises between [these documents] and the provisions of [the Plan], or if any provision is not covered or only partially covered, the terms of the [Plan] will govern in all cases." (Doc. 19 at 7).

Although it appears that the Plan grants discretionary authority to the Plan Administrator,[1] the Court need not decide that issue because the Plan does not unambiguously grant discretion to BPA, the decision-maker. *See Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1389 (9th Cir. 1994) ("[B]ecause we do not have an interpretation of the Plan by the Administrative Committee, to whom [discretionary] authority was granted by the Plan, there is no appropriate exercise of discretion to which to defer."); *see also Shane v. Albertson's Inc.*, 504 F.3d 1166, 1170 (9th Cir. 2007). The Administrative Information section identifies the Health and Welfare Plan Committee (the

---

[1]The Plan glossary provides the following definition for "Plan Administrator": "the entity or person(s) with the discretion to administer the Plan and determine benefits under the Plan." (Doc. 19, Ex. 3 at 39). The Claims Procedures section states that the "Plan Administrator has the discretion to interpret the provisions of the Plan" and that "[t]he decision of the Plan Administrator is final and binding." (Doc. 19, Ex. 3 at 26). The language of these provisions appears consistent with other provisions that confer discretion, and the application of which merit deferential judicial review. *See Feibusch*, 463 F.3d at 884–85 (citing Ninth Circuit cases in which provisions unambiguously conferred discretionary authority).

"Committee") as the Plan Administrator. (Doc. 19, Ex. 3 at 35). The Plan's glossary likewise states: "Currently, th[e Plan Administrator] is the Health and Welfare Plan Committee." (Doc. 19, Ex. 3 at 39). Appendix A of the Plan, however, includes a chart, in which BPA is listed as both the "Provider or Welfare Benefit Plan Administrator" and as the "Claims Administrator" for LTD benefits. (Doc. 19, Ex. 3 at A-2). Thus, within the Plan, at least two different entities are referred to as plan administrators. Under the Claims Procedures section, discretionary authority is granted to the "Plan Administrator," but the provision does not identify the Plan Administrator. The next line, however, states that "[f]or administrative issues related to the Plan, the Claims Administrator is [BPA]." (Doc. 19, Ex. 3 at 26). This would seem to support the interpretation that BPA is the Claims Administrator for the overarching Plan, but not the Plan Administrator. Alternatively, the Plan may refer generally to "Plan Administrator" in this section because there are multiple entities acting as Welfare Plan Administrators for the various benefit plans. To further confuse matters, the LTD Summary Plan Description identifies BPA as the Plan Administrator for the LTD benefit plan, but explicitly grants discretionary authority to Banner Health, the Plan Sponsor, stating that Banner Health shall have "absolute discretion and authority to control and manage the operation and administration of the Plan, and to interpret or construe all provisions of the Plan." (Doc. 19, Ex. 1 at 7).

Defendants nevertheless contend that the Plan and Summary Plan Description consistently grant discretionary authority to BPA. The Plan's terms could reasonably be interpreted in a number of ways. The Plan may provide only the Committee, the overarching Plan Administrator, discretion to administer the Plan and make relevant determinations. Then, looking at the specific benefits plan, in this case the Summary Plan Description and Benefit Summary for LTD benefits, the entity given discretion is Banner Health, not BPA. Alternatively, even if the Plan's terms are interpreted in light most favorable to Defendants

and the specific LTD benefit documents are ignored,[2] it is still unclear whether the Plan intended to provide discretionary authority to all Welfare Benefit Plan Administrators or just the Committee.

Defendants also assert that the Plan unambiguously grants discretionary authority to BPA as a Plan Administrator in the Eligibility section. [Doc. 23 at 2] That section states: "Eligibility to participate in a particular Welfare Benefit is governed by the terms of the applicable Welfare Benefit document(s) that are incorporated by reference in Appendix A. The Plan Administrator has sole discretion to determine who is eligible under the Plan." Although that section does appear to refer to the Welfare Benefit Plan Administrators, in this case, BPA, the discretion granted does not trigger abuse of discretion review because it does not confer discretion to make benefit determinations or interpret the Plan's terms. As the Plaintiff noted, eligibility seems to refer to the basic criteria that an employee must meet to even be considered for benefits, rather than the criteria for a disability determination. The Plan provides that "[i]f you are an Eligible Employee, you will be enrolled automatically for [LTD] benefits." (Doc. 19, Ex. 3 at 2, 6). A person is an "'Eligible Employee' if [he or she is] scheduled to work 32 or more hours per pay period and [is] classified as a regular full-time or part-time employee." (Doc. 19, Ex. 3 at 4). Clearly, meeting these criteria do not guarantee that an employee will actually receive LTD benefits. The LTD Summary Plan Description lists additional eligibility requirements, such as being under the regular care of a health care provider and having already experienced 182 consecutive days of total disability. (Doc. 19, Ex. 1 at 1–2). Meeting these requirements simply makes an employee eligible to be considered for LTD benefits. Neither document can reasonably be interpreted as stating that discretion to determine eligibility should be equated with discretion to make

---

[2]Under the terms Summary Plan Description and Benefits Summary, if there is a conflict between the terms of the Plan and the specific benefits plan documents, the Plan controls. (Doc. 19, Ex. 1 at ii; Ex. 2 at ii). Moreover, ERISA requires the summary plan description to be "sufficiently accurate and comprehensive to reasonably apprise [the average plan participants] and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a).

disability determinations.

Other language in the Plan supports the conclusion that BPA does not have the sort of discretionary authority that warrants a deferential standard of review. The Plan states that BPA is responsible for "considering all claims and appeals (for eligibility, contributions, and benefits), complying with reporting and disclosure requirements, ensuring that the Plan's administration complies with the Plan document and applicable laws, and appointing or employing vendors to assist in the administration of the Plan." The Summary Plan Description similarly describes BPA as the "person or persons appointed by the Benefits Committee to administer and determine claims" for LTD benefits. [Doc. 22 at 10]. Defendants contend that this language is consistent with a grant of discretionary authority. [Doc. 22 at 4, 9].

The Ninth Circuit has made clear that a Plan need not mention the term "discretion" to unambiguously grant discretionary authority. *See Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139, 1142 (9th Cir. 2002) (finding an unambiguous grant of discretion when the provisions granted the administrative committee "the 'power' and 'duty' to 'interpret the plan and to resolve ambiguities, inconsistencies and omissions' and to 'decide on questions concerning the plan and the eligibility of any Employee'"). However, "[a]n allocation of decision-making authority . . . is not, without more, a grant of discretionary authority in making those decisions." *Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1112–13 (9th Cir. 2001). The Ninth Circuit in *Ingram* noted that phrases, such as "[t]he carrier solely is responsible for providing the benefits under this Plan," and "[t]he carrier will make all decisions on claims," simply "allocate[d] responsibility in the administration of the plan"; those phrases said "nothing about how benefit determinations are made." *Id.* at 1112. The plan also provided that the "management and control of the operation and administration of claim procedures under the Plan, including the review and payment or denial of claims . . . shall be vested in the carrier." *Id.* The court once again concluded that under *Firestone* and *Kearney* such language was insufficient to invoke deferential review. *Id.* at 1113. The

language identified by Defendants in this case is similar to that in *Ingram*. The language lists BPA's responsibilities under the Plan and nothing more.

Because there are several reasonable interpretations of the Plan's terms, the Plan does not unambiguously confer discretion on BPA, and thus, BPA's denial of LTD benefits must be reviewed de novo.  *See Kearney*, 175 F.3d at 1090 ("Only by excluding alternative readings as unreasonable could we conclude that the conferral of discretion is unambiguous."). "[I]t is 'easy enough' to confer discretion unambiguously 'if plan sponsors, administrators, or fiduciaries want benefits decisions to be reviewed for abuse of discretion.' Where they fail to do so, 'in this circuit at least, they should expect *de novo* review.'" *Ingram*, 244 F.3d at 1114 (quoting *Sandy v. Reliance Standard Life Ins. Co.*, 222 F.3d 1202, 1206 (9th 2000)).  In this case, no reasonable jury could conclude that any discretionary authority that BPA may have is unambiguous, and therefore, Plaintiff's motion regarding the standard of review is granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 18) is **granted**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 22) is **denied**.

DATED this 30th day of August, 2010.

G. Murray Snow
United States District Judge

- 7 -